

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JAQUAN HI KEEM BRYANT,                §<br>                    Plaintiff,        §<br>                                             §<br>vs.                                         §     CIVIL ACTION NO. 3:23-5284-MGL<br>                                             §<br>DIRECT AUTO INSURANCE,      §<br>                    Defendant.    § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING THIS ACTION WITHOUT PREJUDICE**

Plaintiff Jaquan Hi Keem Bryant (Bryant), who is representing himself, filed this lawsuit against Defendant Direct Auto Insurance (Direct). He brings claims for breach of contract, unjust enrichment, and violations of the Uniform Commercial Code (UCC) sections 3-301 and 3-603.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending to the Court Bryant's action be dismissed without prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 8, 2023, and Bryant filed his objections on November 27, 2023. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

The Magistrate Judge provides a brief recitation of the relevant facts and claims in this case:

> [Bryant] alleges that at some unknown time he and [Direct] entered into a financial agreement and that [Direct] issued [Bryant] a bond statement and a coupon note[,] but subsequently [Direct] refused to honor the note. [Bryant] argues that based on [Direct]'s refusal, his debt to [Direct] has been discharged.

Report at 1 (citations and internal quotation marks omitted).

The Magistrate suggests the Court dismiss Bryant's complaint for lack of both federal question and diversity jurisdiction.

In Bryant's first objection, he maintains "federal courts have jurisdiction over UCC cases involving negotiable instruments and enforceability issues." Objections at 1. Many courts, however, have long held a UCC claim, without more, is an insufficient basis to establish subject matter jurisdiction. *See, e.g., Alvarez v. Phoenix Municipal Court*, 22-cv-1249-PHX-CDB, 2022 WL 4134583, at *3 (D. Ariz. August 23, 2022) ("[C]laims of a violation of the UCC, standing alone, fail to provide the Court with subject matter jurisdiction because the UCC is not a federal statute, i.e., it is not a federal 'law.'"); *Moss v. Stanley*, No. 8:20-cv-03194-DCC, 2020 WL 6111002, at *2 (D.S.C. Oct. 16, 2020) ("[T]he UCC is not a federal law or any other binding statutory body whatsoever; it is an aggregated statutory model, whose provisions may be codified by individual states and does not provide a basis for this Court's jurisdiction in this action") (citations omitted)); *Motorola, Inc. v. Perry*, 917 F. Supp. 43, 48 (D.D.C. 1996) (noting that the UCC is not federal law).

The Court agrees with those courts' conclusions. Accordingly, inasmuch as Bryant has failed to establish federal question jurisdiction, the Court will overrule Bryant's first objection.

In Bryant's second objection, he seems to contend the Court has diversity jurisdiction over this case. In this objection, he states "the diversity of citizenship between the parties involved may also provide a basis for federal jurisdiction." Objections at 1. The Court liberally construes this statement to be Bryant saying the parties in this action are actually diverse.

But, the diversity statute, 28 U.S.C. § 1332(a), mandates both complete diversity of the parties and an amount in controversy over $75,000. Here, Bryant has failed to allege anything concerning the amount in controversy requirement. Thus, because Bryant is unable to show the Court has diversity jurisdiction over this matter, the Court will also overrule his second objection.

Bryant's remaining objections are so lacking in merit as to make discussion of them unnecessary. Consequently, the Court will overrule those objections, too.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Bryant's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court Bryant's action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 27th day of June, 2024, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

**\*\*\*\*\***

### NOTICE OF RIGHT TO APPEAL

Bryant is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.